IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL PHELAN,

    Plaintiff,

vs.

No. CIV S-10-1651 KJM-KJN

MECOM EQUIPMENT, LLC; et al.,

    Defendants.

ORDER

/

This matter is before the court on plaintiff's motion to set aside a minute order and reopen the case. (ECF 48.) This matter is decided without hearing.[1] For the following reasons, plaintiff's motion is denied.

On November 18, 2011, plaintiff and the sole remaining named defendant, the United States, filed a stipulation whereby plaintiff dismissed all claims against the United States with prejudice. (ECF 45.) On November 21, 2011, the court entered a minute order closing the case in accordance with this stipulation. (ECF 46.)

---

[1] Although plaintiff noticed this motion for hearing on the court's May 18, 2012 civil law and motion calendar, the court finds there is no good cause to delay entry of this order or wait for opposition, if any, to be filed.

1    Plaintiff contends the court should not have dismissed the entire action, as title
2 has not yet been quieted vis-a-vis the unknown defendants.  (Mot. at 2.)  Plaintiff requests that
3 the court reopen the matter as to the unknown defendants in accordance with Local Rule 102(d)[2]
4 so that plaintiff may request entry of default against them and seek an evidentiary hearing.  (*Id.*)

5    The Ninth Circuit provides that "'[plaintiffs] should be given an opportunity
6 through discovery to identify [] unknown defendants'" "in circumstances . . . 'where the identity
7 of the alleged defendant[] [is] not [] known prior to the filing of a complaint.'" *Wakefield v.*
8 *Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642
9 (9th Cir. 1980)).  Such defendants will be dismissed where "'it is clear that discovery would not
10 uncover the identities, or that the complaint would be dismissed on other grounds.'" *Id*. (quoting
11 *Gillespie*, 629 F.2d at 642).  Moreover, Federal Rule of Civil Procedure 4(m), which states that
12 the court must dismiss defendants who have not been served within 120 days after the filing of
13 the complaint unless plaintiff shows good cause, is applicable to doe defendants.  *See Glass v.*
14 *Fields*, No. 1:09-cv-00098-OWW-SMS PC, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31,
15 2011); *Hard Drive Prods. v. Does*, No. C 11-01567 LB, 2011 U.S. Dist. LEXIS 109837, at *2-4
16 (N.D. Cal. Sep. 27, 2011).

17    This case was brought on June 28, 2010.  (ECF 2.)  A status (pretrial scheduling)
18 order was issued on November 9, 2010, setting the discovery cut-off date as January 6, 2012.
19 (ECF 41.)  Doe defendants were not timely served, nor were their identities discovered through
20 discovery.  Plaintiff does not address his failure to discover and timely serve the unknown
21 defendants, nor does he provide any reason for waiting nearly five months after this case was
22 closed before bringing the present motion.  Plaintiff had ample time to uncover the identities of
23 any unknown defendants – seventeen months from the filing of his complaint to the closure of

---

[2] Local Rule 102(d) states: "Unless contrary to law, the Court in its discretion may make such orders supplementary or contrary to the provisions of these Rules as it may deem appropriate and in the interests of justice and case management under Fed. R. Civ. P. 16 . . . ."

2

1  this case and one year between the entry of the scheduling order and the closure of this case –
2  and failed to do so.  Contrary to plaintiff's assertions, reopening this case would not serve the
3  interests of justice and judicial efficiency.
4       For the foregoing reasons, plaintiff's motion is DENIED.
5       IT IS SO ORDERED.
6  DATED: April 26, 2012.

_____
UNITED STATES DISTRICT JUDGE