1

2

3

4

5

6

7                       IN THE UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11   MICHAEL PHELAN,

12          Plaintiff,                          No. 2:10-cv-1651 KJM AC

13      vs.

14   MECON EQUIPMENT, LLC., *et al.*,

15          Defendants.                          ORDER

16   _____/

17          Plaintiff's motion for default judgment came on for hearing on January 23, 2013.

18   At the hearing, the court raised sua sponte the basis for this court's jurisdiction and directed

19   plaintiff to file briefing establishing this court's subject matter jurisdiction.  Plaintiff has now

20   filed a response.  On review, THE COURT FINDS AS FOLLOWS:

21                    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

22   A.      Plaintiff's Purchase of the Subject Property

23          On June 30, 2002, real property located at 1143 Fremont Street, Colusa, Colusa

24   County, California ("the Subject Property") was declared to be tax-defaulted.  Compl. ¶ 12.  On

25   March 20, 2008, a Notice of Power to Sell Tax-Defaulted Property was recorded with the Colusa

26   County Recorder's Office, Instrument Number 2008-0001416, making the Subject Property

                                              1

1    subject to a power of sale for nonpayment of taxes.  Compl. ¶ 12.

2              Plaintiff purchased the Subject Property from the Colusa County tax collector and

3    recorded a deed of trust on July 2, 2009 in the Colusa County Recorder's Office, Instrument

4    Number 2009-2837.  Compl. ¶ 12.

5              All taxes and assessments levied and payable have been paid.  Compl. ¶ 12.

6    B.      The Removed Federal Action

7              A complaint for order quieting title was originally filed with the Colusa County

8    Superior Court on March 18, 2010 by CC Pacific LP, a limited partnership formed by the

9    plaintiff here (Phelan), which was believed to be the record owner of the Subject Property.  Pl.'s

10   Mem. of P. & A. at 2, Ex. A.  That complaint named Mecom Equipment, LLC ("Mecom");

11   Pawnee Leasing Corporation ("Pawnee"); State of California, California Department of Toxic

12   Substances Control ("DTSC"); State of California, Employment Development Department

13   ("EDD"); and the United States.  Each of these defendants had filed liens on the Subject

14   Property.  Pursuant to statute, plaintiff also named "all other persons unknown, claiming any

15   right, title, estate, lien, or interest in the [Subject Property] adverse to Plaintiff's ownership, or

16   any cloud on Plaintiff's title thereto" ("Unknown Defendants").  The facts alleged in that

17   complaint are substantially identical to the complaint on file in this action with the exception that

18   the identity of the plaintiff.

19             On May 6, 2010, the United States removed the state action to federal court

20   pursuant to 28 U.S.C. § 1444 and 28 U.S.C. § 2410[1].  See CC Pacific LP v. State of California et

21   al., 2:10-cv-1127 LKK GGH.  Soon thereafter, on June 28, 2010, the parties stipulated to

22   dismissal without prejudice because it was determined that Phelan and not CC Pacific LP was

23   the record owner of the Subject Property.

24

25        [1] 28 U.S.C. § 2410(a) provides, in relevant part, "that the United States may be named a
     party in any civil action . . . to quiet title to . . . real . . . property on which the United States has
26   . . . a lien."

1    C.       The Instant Federal Action

2              On June 28, 2010, plaintiff Phelan re-filed the quiet title action in this court

3    pursuant to Cal. Rev. & Tax. Code § 3950 against Mecom, Pawnee, DTSC, EDD, and the United

4    States.  Plaintiff also names the statutorily-mandated Unknown Defendants.  Plaintiff asserts

5    jurisdiction is proper pursuant to 28 U.S.C. § 2410 and Cal. Rev. & Tax Code § 3950.

6              As of today's date, each of the liens filed by the known defendants has been

7    extinguished or released, and plaintiff has dismissed these defendants from suit.  See Doc. Nos.

8    35, 36 (Mecom); 28, 30 (Pawnee); 37, 39 (DTSC); 29, 31 (EDD); 36, 64 (United States).

9              This action is now proceeding solely against the statutorily-mandated Unknown

10   Defendants.  An evidentiary hearing is scheduled for February 13, 2013.

11                                          DISCUSSION

12             Under 28 U.S.C. § 2410, the United States may be joined as a party in a quiet title

13   action affecting property upon which it claims a lien.  Bank of Hemet v. United States, 643 F.2d

14   661 (9th Cir. 1981).  Section 2410(a) provides in pertinent part, that the United States may be

15   sued "in any civil action or suit in any district court, or in any state court having jurisdiction of

16   the subject matter—  (1) to quiet title to, . . . real or personal property on which the United States

17   has or claims a mortgage or other lien."

18             Section 2410 does not, however, confer jurisdiction.  Shaw v. United States, 331

19   F.2d 493 (9th Cir. 1964) ("[I]t is the position of this Circuit that 28 U.S.C. § 2410 does not, in

20   addition to waiving sovereign immunity, confer jurisdiction upon the federal courts.") (internal

21   citations omitted).  See also Wright, Miller & Cooper, 14 Fed. Prac. & Proc. Juris. § 3656 (3d ed.

22   2012) ("A party seeking relief under Section 2410, however, must show that subject matter

23   jurisdiction exists under some other applicable statute.").

24             Plaintiff asserts here that this court has jurisdiction over this case pursuant to 28

25   U.S.C. § 1444 and 28 U.S.C. § 1340.

26   ////

                                                3

1        1.        28 U.S.C. § 1444

2              One basis for jurisdiction in federal court in a quiet title action against the United

3    States is the removal statute, 28 U.S.C. § 1444.  See Hood v. United States, 256 F.2d 522 (9th

4    Cir. 1958) (holding that 28 U.S.C. § 1444, which authorizes removal to federal court of an action

5    filed pursuant to § 2410 and initiated in state court, provides an independent basis for

6    jurisdiction).

7              Plaintiff contends that 28 U.S.C. § 1444 confers jurisdiction in this case because

8    the previously-filed state action was removed to this court.  Examination of the docket, however,

9    reveals that the present case was filed in this court in the first instance, and there is no authority

10   for plaintiff's position that this court has jurisdiction over this case simply because it is

11   substantially similar to a previously-removed state action.

12             Therefore, the court finds that jurisdiction does not arise pursuant to 28 U.S.C.

13   § 1444.

14        2.        28 U.S.C. § 1340

15             Alternatively, plaintiff argues that this court may exercise jurisdiction pursuant to

16   28 U.S.C. § 1340.  Section 1340 provides, in relevant part, that "[t]he district courts shall have

17   original jurisdiction of any civil action arising under any Act of Congress providing for internal

18   revenue . . . ."

19             By alleging ownership of property subjected to a tax lien and putting in issue the

20   validity of the lien, the plaintiff may predicate jurisdiction of the quiet title action on 28 U.S.C.

21   § 1340 as an action arising under the internal revenue laws.  See United States v. Coson, 286

22   F.2d 453 (9th Cir. 1961) (holding that in an action pursuant to § 2410, the requirements of

23   § 1340 are satisfied if the complaint alleges specific reasons why a federal tax lien is invalid, and

24   at least one of those reasons raises a question concerning the construction or effect of a provision

25   of the Internal Revenue Code).  Through § 1340, a plaintiff is limited to challenging only the

26   procedural validity of the tax lien, not the merits of the assessment.  See id.

4

1    Here, plaintiff's complaint brings a claim for quiet title in which he contests the

2 validity of a federal tax lien in light of his purchase of the Subject Property in a nonjudicial sale.

3 Plaintiff asserts that his claim against the United States turns on the interpretation of 28 U.S.C.

4 § 7425(b), which provides that a federal tax lien is not invalidated by a nonjudicial sale if the

5 United States did not receive proper notice of the sale.  This is a sufficient basis for jurisdiction.

6 Accord Bank of Hemet v. United States, 643 F.2d 661, 665 n.2 (9th Cir. 1981) ("Section 1340

7 grants to the district courts jurisdiction over civil action arising under acts of Congress providing

8 for the internal revenue[.]  26 U.S.C. s 7425 is part of such an act.").

9    Thus, this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1340.

10 Unfortunately, however, plaintiff's complaint does not predicate jurisdiction on this basis.

11 Plaintiff recognizes this error and asks leave to amend the complaint to specifically plead subject

12 matter jurisdiction.  This request will be granted.

13    Accordingly, IT IS HEREBY ORDERED that:

14    1.  Plaintiff's June 28, 2010 complaint is dismissed with leave to amend.[2]

15 Plaintiff shall file an amended complaint on or before Friday, February 8, 2013 specifically

16 setting forth the basis for this court's jurisdiction;

17    2.  Plaintiff shall be prepared to proceed with the evidentiary hearing scheduled

18 for February 13, 2013 on his motion for default judgment.

19 DATED: February 6, 2013.

20

21        ALLISON CLAIRE
         UNITED STATES MAGISTRATE JUDGE

22

23

24 /mb;phel1651.jo.jxn

25

26   [2]  Because dismissal with leave to amend is not dispositive, the court issues this Order in
lieu of Findings & Recommendations.