IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL PHELAN,

     Plaintiff,　　　　　　　　　　No. 2:10-cv-1651 KJM AC

   vs.

MECON EQUIPMENT, LLC., *et al.*,

     Defendants.　　　　　　　　　　<u>ORDER</u>

_____/

     Pending before the court is plaintiff's November 14, 2012 motion for default judgment.[1]  The court held an evidentiary hearing on this matter on February 13, 2013.  Jennifer Duggan and Geoffrey Westbrook appeared on behalf of plaintiff.  There were no appearances for defendants.

     All known defendants have been previously dismissed.  Plaintiff asserted at the evidentiary hearing and in a supplemental brief filed after the hearing that he recently discovered that a judgment against Capitol Waste and Iva Whitmire, the former owners of the property at issue here – 1143 Fremont Street, Colusa, California ("the Subject Property") -- was entered on

---

[1] This matter is before the court pursuant to Local Rule 302(c)(19).

1

December 9, 2009 in the Sacramento County Superior Court (case No. 34-2008-00001615) and was recorded against the Subject Property on June 1, 2010 by West Coast Fueling Services, Inc. ("West Coast Fueling").  Pl.'s Supplement to Mot. for Def. J. at 1-2; Duggan Decl., Ex. 6; see also Am. Compl. ¶ 24.

In the supplemental brief filed February 26, 2013, plaintiff argues that the West Coast Fueling judgment is invalid because: (1) its judgment against the former owners was obtained over nine months after plaintiff was conveyed title to the Subject Property through a tax deed; (2) West Coast Fueling failed to commence an action contesting the validity of the tax sale to plaintiff (its only available means to challenge plaintiff's title) within the one-year statutory period and is therefore barred by the statute of limitations; and (3) as an unknown defendant, West Coast Fueling was properly served by publication in this matter and failed to file an appearance before the Clerk of the Court entered default on November 9, 2012.

At this stage in these proceedings, the court finds it prudent to first invite West Coast Fueling to present its position with respect to the validity of its lien before ruling on plaintiff's arguments as a matter of law.  The court acknowledges plaintiff's position that West Coast Fueling has been an Unknown Defendant until only recently and, as such, was served by publication.  However, in light of the nature of a quiet title action, the court deems it necessary to take every precaution before issuing findings and recommendations for a judgment in plaintiff's favor.  This is because, "once a quiet title judgment on any grounds becomes final, it is good against all the world as of the time of the judgment.  There is, for all practical purposes, no going back."  Harbour Vista, LLC v. HSBC Mortg. Services, Inc., 201 Cal. App. 4th 1496, 1506 (Cal. Ct. App. 2011).  Although plaintiff argues that West Coast Fueling has failed to appear in this case despite notice by publication and by email, this court finds it prudent to err on the side of caution, As the Harbour Vista court recognized:

> Given the frequency with which quiet title actions involve real property—which is recognized as unique—it is understandable that the Legislature would want to take every precaution to assure

> title is adjudicated correctly.  These precautions could reasonably include allowing a defendant having some claim to the property to present evidence, even if it has been dilatory in responding beforehand. Under these circumstances, suspending the prohibition against allowing a defaulting defendant to participate in an adjudication hearing seems not at all far-fetched.

201 Cal. App. 4th at 1506.

Accordingly, IT IS HEREBY ORDERED that plaintiff shall serve a copy of this order, his motion for default judgment, and his February 26, 2013 supplement to the motion for default judgment on West Coast Fueling within seven days from the date of this order.  West Coast Fueling may file a response to plaintiff's arguments concerning the validity of West Coast Fueling's lien on or before March 22, 2013.  Failure to file a response may result in a finding of invalidity as to the lien.

DATED: March 1, 2013.

                ALLISON CLAIRE
                UNITED STATES MAGISTRATE JUDGE

/mb;phel1651.jo.westcoast