IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL PHELAN,

      Plaintiff,                    No. 2:10-cv-1651 KJM AC

      vs.

MECOM EQUIPMENT, LLC., *et al.*,

      Defendants.                <u>FINDINGS & RECOMMENDATIONS</u>

_____/

      Pending before the court is plaintiff's November 14, 2012 motion for default judgment.[1]  The court held an evidentiary hearing on this matter on February 13, 2013.  Jennifer Duggan and Geoffrey Westbrook appeared on behalf of plaintiff.  There were no appearances for defendants.  On review of the motion, consideration of the evidence submitted at the hearing, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

FACTUAL ALLEGATIONS

      On June 30, 2002, real property located at 1143 Fremont Street, Colusa, Colusa County, California ("the Subject Property") was declared to be tax-defaulted.  Am. Compl. ¶ 12.

---

[1]  This matter is before the court pursuant to Local Rule 302(c)(19).

1  On March 20, 2008, a Notice of Power to Sell Tax-Defaulted Property was recorded with the

2  Colusa County Recorder's Office, Instrument Number 2008-0001416, making the Subject

3  Property subject to a power of sale for nonpayment of taxes by the then-current owners, Kenneth

4  R. Whitmire and Iva Whitmire, Whitmire Kenneth Ray and Iva Leana Trustees dba Capital

5  Waste ("the Former Owners").  Id.

6  　　　　　Plaintiff purchased the Subject Property from the Colusa County tax collector on

7  March 3, 2009 and recorded a deed of trust on July 2, 2009 in the Colusa County Recorder's

8  Office, Instrument Number 2009-2837.  Am. Compl. ¶ 12.  All taxes and assessments levied and

9  payable have been paid.  Id.

10  　　　　　　　　　　RELEVANT PROCEDURAL BACKGROUND

11  　　　　　Plaintiff initiated this quiet title action in this court[2] pursuant to Cal. Rev. & Tax.

12  Code § 3950 on June 28, 2010 against known defendants Mecom Equipment, LLC ("Mecom");

13  Pawnee Leasing Corporation ("Pawnee"); State of California, California Department of Toxic

14  Substances Control ("DTSC"); State of California, Employment Development Department

15  ("EDD"); and United States, Internal Revenue Service ("IRS").  Each of these known defendants

16  had filed liens on the Subject Property.  Pursuant to state statute, plaintiff also named "all other

17  persons unknown, claiming any right, title, estate, lien, or interest in the [Subject Property]

18  adverse to Plaintiff's ownership, or any cloud on Plaintiff's title thereto" ("Unknown

19  Defendants").

20  ////

21

22  　　　[2]  A substantially identical action was filed by CC Pacific LP, a limited partnership
formed by plaintiff and his business partner, in Colusa County Superior Court that was later
23  removed to this court by defendant United States pursuant to 28 U.S.C. § 1444 and 28 U.S.C.
§ 2410.  Section 2410 provides, in relevant part, "that the United States may be named a party in
24  any civil action . . . to quiet title to . . . real . . . property on which the United States has . . . a
lien."  See Pl.'s Mem. of P. & A. in Supp. of this Court's Subject Matter Jurisdiction (ECF No.
25  67) at 2; CC Pacific LP v. State of California et al., 10-cv-1127 LKK GGH.  While it was
initially thought that CC Pacific LP was the record owner of the Subject Property, the parties
26  stipulated to dismissal without prejudice on June 28, 2010 because it was determined that
plaintiff Phelan and not CC Pacific LP was the record owner.

1    On July 14, 2010, plaintiff moved for an order to serve the Unknown Defendants

2  by publication pursuant to Cal. Rev. & Tax. Code § 3960.  ECF No. 9.  This request was granted

3  on August 12, 2010, ECF No. 17, and plaintiff published notice of this lawsuit in The Appeal-

4  Democrat on August 20, August 27, September 3, and September 10, 2010.  See ECF No. 34;

5  Krugh Decl. ¶ 5.  Plaintiff also posted a copy of the summons and complaint in a conspicuous

6  place on the Subject Property.  Krugh Decl. ¶ 6; Cal. Rev. & Tax. Code § 3958.  Finally, plaintiff

7  recorded a Notice of Pendency of Action on July 10, 2010 with the Colusa County Recorder's

8  Office, Instrument Number 2010-0002422.  See ECF No. 12, Ex. A.

9    As of the date of the hearing on the instant motion, each of the liens filed by the

10  known defendants had been extinguished or released, and plaintiff dismissed these defendants

11  from suit.  See ECF Nos. 35, 36 (Mecom); 28, 30 (Pawnee); 33, 37, 39 (DTSC); 29, 31 (EDD);

12  36, 45, 46, 64 (IRS).

13    This action is now proceeding against the statutorily-mandated Unknown

14  Defendants.  On November 7, 2012, plaintiff filed a request for entry of default as to these

15  defendants.  ECF No. 57.  On November 9, 2012, the Clerk of Court entered their default.  ECF

16  No. 58.

17    On November 14, 2012, plaintiff filed the instant motion for default judgment

18  against the Unknown Defendants.  This motion was initially set to be heard on January 23, 2013,

19  but at that hearing the court raised sua sponte the question of its jurisdiction.  In the complaint,

20  plaintiff asserted that the court's jurisdiction existed pursuant to 28 U.S.C. § 2410.  Under

21  Section 2410, the United States may be joined as a party in a quiet title action affecting property

22  upon which it claims a lien.  Bank of Hemet v. United States, 643 F.2d 661 (9th Cir. 1981).

23  While Section 2410 waives sovereign immunity, it does not confer jurisdiction.  Shaw v. United

24  States, 331 F.2d 493 (9th Cir. 1964) ("[I]t is the position of this Circuit that 28 U.S.C. § 2410

25  does not, in addition to waiving sovereign immunity, confer jurisdiction upon the federal

26  courts.") (internal citations omitted).  See also Wright, Miller & Cooper, 14 Fed. Prac. & Proc.

1   Juris. § 3656 (3d ed. 2012) ("A party seeking relief under Section 2410, however, must show

2   that subject matter jurisdiction exists under some other applicable statute.").

3          In light of this unresolved issue, the court continued the January 23, 2013

4   evidentiary hearing to February 13, 2013 and directed plaintiff to file supplemental briefing

5   addressing the court's jurisdiction.  In plaintiff's response to the court's order, he asserted two

6   bases for the court's jurisdiction: 28 U.S.C. § 1444[3] and 28 U.S.C. § 1340[4].  As set forth more

7   fully in the order dated February 6, 2013, the undersigned determined that, because the instant

8   case was initiated in this court and notwithstanding the previously-removed state case, 28 U.S.C.

9   § 1444 was inapplicable and thus did not confer jurisdiction.  See ECF No. 68.  Nonetheless,

10  because the court found jurisdiction proper pursuant to 28 U.S.C. § 1340, plaintiff was granted

11  leave to file an amended complaint.  Id.

12         On February 8, 2013, plaintiff filed a first amended complaint setting forth a

13  proper basis for the court's jurisdiction.  ECF No. 69.  There, plaintiff also stated that, while

14  preparing for the January 23, 2013 hearing, he discovered that a judgment against one of the

15  Former Owners, Iva L. White, entered on December 9, 2009 in the Sacramento County Superior

16  Court (case No. 34-2008-00001615), was recorded against the Subject Property on June 1, 2010

17  by West Coast Fueling Services, Inc. ("West Coast Fueling").  Am. Compl. ¶ 24.

18         On February 13, 2013, the court held an evidentiary hearing on plaintiff's motion

19  for default judgment where plaintiff presented documentary and testimonial evidence in support

20  of his motion, as discussed more fully infra.  No appearances were made for any known or

21  Unknown Defendants.  Additionally, as of the date of this order, no opposition to plaintiff's

22

23         [3] Section 1444 provides that "Any action brought under section 2410 of this title against
24  the United States in any State court may be removed by the United States to the district court of
    the United States for the district and division in which the action is pending."

25         [4] Section 1340 provides that "[t]he district courts shall have original jurisdiction of any
26  civil action arising under any Act of Congress providing for internal revenue, or revenue from
    imports or tonnage except matters within the jurisdiction of the Court of International Trade."

1   motion for default judgment has been filed.

2          By order dated March 1, 2013, the court declined to consider the validity of West

3   Coast Fueling's lien until that entity, whose identity had become known, was given an

4   opportunity to respond.  See ECF No. 72.  Plaintiff was therefore directed to serve a copy of his

5   supplemental brief and motion for default judgment on West Coast Fueling.  See ECF No. 73.

6   Although West Coast Fueling was personally served and granted until March 22, 2013 to make

7   an appearance in this case, that date has now passed and there has been no response from West

8   Coast Fueling.

9                                    DISCUSSION

10         Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a

11  party against whom a judgment for affirmative relief is sought who fails to plead or otherwise

12  defend against the action.  See Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not

13  automatically entitle the plaintiff to a court-ordered judgment."  PepsiCo, Inc. v. Cal. Sec. Cans,

14  238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25

15  (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments).  Instead,

16  the decision to grant or deny an application for default judgment lies within the district court's

17  sound discretion.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this

18  determination, the court may consider the following factors:

19         (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's
           substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at
20         stake in the action; (5) the possibility of a dispute concerning material facts; (6)
           whether the default was due to excusable neglect; and (7) the strong policy
21         underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

22  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily

23  disfavored.  Id. at 1472.

24  A.      Factor One: Possibility of Prejudice to Plaintiff

25         The first Eitel factor considers whether the plaintiff would suffer prejudice if

26  default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of

1  granting a default judgment.  See PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Here, plaintiff would

2  potentially face prejudice if the court did not enter a default judgment.  Absent entry of a default

3  judgment, plaintiff would be without another recourse for recovery.  Accordingly, the first Eitel

4  factor favors the entry of default judgment.

5  B.      Factors Two and Three: The Merits of Plaintiff's Substantive Claims and the Sufficiency
        of the Complaint

6

7              The undersigned considers the merits of plaintiff's substantive claims and the

8  sufficiency of the complaint together below because of the relatedness of the two inquiries.  The

9  undersigned must consider whether the allegations in the complaint are sufficient to state a claim

10  that supports the relief sought.  See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at

11  1175.

12          1.      Quiet Title Evidentiary Hearing

13              In the complaint, plaintiff moves for quiet title pursuant to California Revenue

14  and Taxation Code § 3950, which provides in relevant part:

15              Whenever tax-defaulted property has been purchased at tax sale,
                . . . and all subsequent taxes levied and payable have been paid, the
16              purchaser . . . may bring an action to determine adverse claims to
                or clouds upon that property.

17

18              While plaintiff named as defendants those who were known to him to have some

19  interest in or claim or cloud on the land described in the amended complaint, see Cal. Rev. &

20  Tax. Code § 3951, California law also requires that a plaintiff seeking quiet title name "as

21  defendants persons unknown to plaintiff who claim any right, interest, lien, or claim on the land

22  or cloud upon the title of plaintiff thereto arising prior to the date of the tax deed."  Id. § 3952;

23  see also id. § 3953.  These unknown defendants are deemed to hold the same rights as known

24  defendants, and an action against unknown defendants is to proceed in the same manner as an

25  action against known defendants.  Id. § 3961.

26              Relevant here, where plaintiff seeks default of a defendant in an action for quiet

6

title, California law requires that "[n]o decree quieting title or establishing the rights of any of

the defendants as to the property shall be granted on default of the defendant, unless the court

requires proof of the facts alleged." Cal. Tax. & Rev. Code § 3962. Thus, contrary to a

conventional proceeding for default judgment where a court takes the well-pleaded factual

allegations in a complaint as true, TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th

Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)

(per curiam)), Section 764.010 of the California Code of Civil Procedure requires the submission

of evidence in support of the plaintiff's factual allegations:

> The court shall examine into and determine the plaintiff's title
> against the claims of all the defendants. The court shall not enter
> judgment by default but shall in all cases require evidence of
> plaintiff's title and hear such evidence as may be offered
> respecting the claims of any of the defendants, other than claims
> the validity of which is admitted by the plaintiff in the complaint.
> The court shall render judgment in accordance with the evidence
> and the law.

Cal. Civ. Pro. § 764.010 (2013). The leading California case interpreting this statute holds that

default judgments in quiet title actions are proper, but that "judgment may not be entered by the

normal default prove-up methods; the court must require evidence of the plaintiff's title." Yeung

v. Soos, 119 Cal. App. 4th 576, 580-81 (Cal. Ct. App. 2004).[5] Plaintiff must show title by a

preponderance of the evidence. See Murrary v. Murrary, 26 Cal. App. 4th 1062, 1067 (Cal. Ct.

App. 1994).

     In accordance with the statute, an evidentiary hearing was held on February 13,

2013 where plaintiff presented documentary and testimonial evidence to establish the following:

•     Plaintiff testified that he initially learned that the Subject Property was to be sold

---

[5] Recently, there has been a trend away from the Yeung interpretation of Section
764.010 toward one that holds that default judgments in quiet title actions are improper, but that
judgment may be rendered after an evidentiary hearing because it would be "in accordance with
the evidence and the law." Contra Harbour Vista, LLC v. HSBC Mortg. Services, Inc., 201 Cal.
App. 4th 1496, 1503 (Cal. Ct. App. 2011); see also Nickell v. Matlock, 206 Cal. App. 4th 934
(Cal. Ct. App. 2012).

1   by public auction after receipt of the Notice of Sale of Tax-Default Property

2   issued by the Colusa County Tax Collector's Office.  See also Pl.'s Ex. 2 ("Notice

3   of Sale of Tax-Default Property").

4   •   The Notice of Sale of Tax-Default Property provides that the Subject Property

5       would be offered for sale on February 28, 2009 through March 3, 2009 by the

6       Colusa County Treasurer-Tax Collector due to non-payment of taxes by the

7       Former Owners.  Duggan Decl., Ex. 5.

8   •   Plaintiff testified that he purchased the Subject Property as an investment

9       property for $90,000.00 on March 3, 2009 and thereafter received a properly

10      executed and notarized Tax Deed to the Purchaser of the Tax-Defaulted Property.

11      See also  Pl.'s Ex. 1 ("Tax Deed to the Purchaser of Tax-Defaulted Property").

12  •   Pursuant to California Revenue and Taxation Code section 3712, the tax deed

13      states that the Tax Collector of Colusa County conveyed to plaintiff title to the

14      Subject Property "free of all encumbrances of any kind existing before the sale."

15      Pl.'s Ex. 1.

16  •   Plaintiff recorded the tax deed in the official records of Colusa County

17      (Instrument No. 2009-2837) on July 2, 2009, which is reflected via an official

18      stamp from the Official Records of the Colusa County.  See Pl.'s Ex. 1.

19  •   In early 2010, plaintiff testified that he engaged First American Title Insurance

20      ("First American") to obtain the necessary title insurance to sell the Subject

21      Property.

22  •   First American issued the Litigation Guarantee, which identified five known

23      claimants to the property.  Pl.'s Ex. 3.  These interest-holders included

24      Defendants Mecom, Pawnee, EDD, DTSC, and the IRS.  Id.

25  •   Plaintiff testified that these were the only claimants to the Subject Property

26      identified by First American's report and, as such, these entities were the only

8

1       claimants plaintiff had any knowledge of until January 2013.

- In order to resolve all claims against the Subject Property, obtain title insurance, and sell the property, plaintiff filed with this court a Verified Complaint to Quiet Title on June 28, 2010.  The operative amended complaint seeks an order quieting title against all known defendants, including Mecom, Pawnee, EDD, DTSC, and IRS, as well as "all other persons unknown, claiming any right, title, estate, lien, or interest in the real property described in the Complaint adverse to Plaintiff's ownership, or any cloud on Plaintiff's title thereto."  See ECF Nos. 2, 69.

- Plaintiff testified that he thereafter recorded a Notice of Pendency of Action with the Colusa County Recorder's Office (see ECF No. 124) and, through counsel, began to negotiate the release of claims by all known defendants.

- Defendant Pawnee released its judgment and Judgment Quieting Title against the Former Owners of the Subject Property on August 20, 2010.  ECF No. 28.

- Defendant EDD released its lien on the Colusa Property against the Former Owners on July 21, 2010.  ECF No. 29.

- Defendant DTSC released its judgment against the Former Owners on September 21, 2010.  ECF No. 32, 37.

- Defendant Mecom released its judgment lien against the Former Owners on September 10, 2010.  ECF No. 35.

- Defendant IRS executed and recorded two Certificates of Discharge releasing its tax liens against the Former Owners of the Subject Property on November 27, 2012.  ECF No. 64.

- In the process of obtaining, recording, and filing the aforementioned releases, plaintiff testified that he sought to discover and notify all unknown claimants (if any) of the pending action.

- On July 14, 2010, plaintiff requested this court for leave to serve all Unknown

1  Defendants by publication (ECF No. 9), which was granted on August 12, 2010

2  (ECF No. 17).

3  •  Plaintiff testified that he thereafter published a copy of the Summons and Verified

4  Complaint in the Appeal-Democrat, a newspaper of general circulation published

5  in Yuba County, California, on August 20 and 27 and September 3 and 10, 2010.

6  See also ECF No. 34 ("Notice of Proof of Service by Publication").

7  •  Plaintiff also testified that he posted a copy of the same on the front door of the

8  Subject Property during this time and for months thereafter.

9  •  With no new appearances in the matter, plaintiff testified that on November 7,

10  2012 he requested this court to enter default against all Unknown Defendants.

11  ECF No. 57.

12  •  The Clerk of the Court entered default against "all other unknown Defendants" on

13  November 9, 2012.  ECF No. 58.

14  •  On November 14, 2012, plaintiff filed the instant motion.  ECF No. 59.

15  Based on this evidence, the undersigned finds that plaintiff has adequately

16  complied with California law in support of his motion for default judgment.

17  2.  West Coast Fueling

18  With respect to West Coast Fueling's lien, plaintiff asserts three grounds for

19  finding that its recorded judgment is invalid: (1) the judgment against the former owners was

20  obtained over nine months after plaintiff was conveyed title to the Subject Property through a tax

21  deed; (2) West Coast Fueling failed to commence an action contesting the validity of the tax sale

22  to plaintiff (its only available means to challenge plaintiff's title) within the one-year statutory

23  period and is therefore barred by the statute of limitations; and (3) as an unknown defendant,

24  West Coast Fueling was properly served by publication in this matter and failed to file an

25  appearance before the Clerk of the Court entered default on November 9, 2012.  Despite a

26  reasonable opportunity to respond to these arguments, West Coast Fueling has failed to appear in

1  this action.  Accordingly, the court will now consider the significance, if any, of West Coast

2  Fueling's lien to the entry of default judgment.

3         "In a contested proceeding, no court may render judgment without conforming to

4  the constitutional guarantees which afford due process of law.  Due process requires that all

5  parties be notified of the facts and issues in dispute, that each party be afforded a fair opportunity

6  to present evidence in open court, and that judgment be rendered based on an evaluation of the

7  evidence on each side, findings of fact and conclusions of law. [¶] In an uncontested proceeding,

8  a court may not enter a final judgment depriving a party of property unless there has been some

9  form of notice to the party and a hearing."  County of Ventura v. Tillett, 133 Cal. App. 3d 105,

10  112 (Cal. 1982) (internal citations omitted).  To satisfy due process, notice must be such as is

11  reasonably calculated to reach interested parties.  Mullane v. Central Hanover B. & T. Co., 339

12  U.S. 306, 315, 318 (Cal. 1950).

13         California Revenue and Tax Code § 3960 addresses service of process on

14  unknown defendants in connection with a tax-deeded property.  This section provides, in

15  relevant part, that "[a]ll unknown defendants shall be served by publication as provided for in

16  Section 415.50 of the Code of Civil Procedure, but it must appear by affidavit that the plaintiff

17  used reasonable diligence to ascertain the identity of the unknown defendants . . . ."  Here, in

18  plaintiff's July 14, 2010 motion for publication and in the accompanying affidavit, plaintiff

19  stated that he used reasonable diligence in attempting to determine the identity and addresses of

20  the Unknown Defendants: he performed real property searches related to the Subject Property,

21  and on February 12, 2010, he was issued a Litigation Guarantee by First American.  Pl.'s Mot.

22  for Publ'n of Summons at 5-6; id. Duggan Decl. ¶ 6.  The Litigation Guarantee only identified

23  those interested parties that plaintiff named in this suit; it could not have identified West Coast

24  Fueling because that entity did not record its judgment against the Subject Property until June 1,

25  2010.

26         Plaintiff's motion for publication was granted on August 12, 2012.  ECF No. 17.

11

By that order, plaintiff was directed to serve the summons by publication and was ordered to mail a copy of the summons, a copy of the complaint, and a copy of the court's order to any Unknown Defendant if his/her address is ascertained before expiration of the time prescribed for publication pursuant to California Code of Civil Procedure § 415.50.  Section 415.50 provides that "Service of a summons in this manner is deemed complete as provided in Section 6064 of the Government Code."  California Government Code § 6064, in turn, provides that "Publication of notice pursuant to this section shall be once a week for four successive weeks. . . . The period of notice commences with the first day of publication and terminates at the end of the twenty-eighth day, including therein the first day."

On September 23, 2010, plaintiff filed a proof of service by publication, which reflected that on the days of August 20, August 27, September 3, and September 10, 2010, service was accomplished by publication in the Appeal-Democrat, a newspaper of general circulation published in Yuba County, California.  ECF No. 34.  At no point during this twenty-eight day period did plaintiff become aware of the identity of any Unknown defendants, including but not limited to West Coast Fueling.

Pursuant to California law, plaintiff's service by publication was sufficient to give notice of this action to any and all Unknown Defendants, including West Coast Fueling, who was unknown at the time of publication.  Even after West Coast Fueling was identified and personally served, no appearances were made either to challenge plaintiff's title or to assert any interest in the Subject Property.  Accordingly, the court finds that West Coast Fueling's failure to appear despite proper service amounts to the loss of its right to make any claim or raise any defense in this action as a matter of law.

Here, as discussed supra, plaintiff has shown by a preponderance of the evidence his absolute title to the Subject Property, purchased on March 3, 2009, and all recorded liens against the Subject Property at the time of purchase have been released.  Because West Coast Fueling's lien was filed on June 1, 2010, over one year after plaintiff purchased the Subject

1  Property, and because it is against the Former Owners who had no interest in the Subject

2  Property at the time the lien was recorded, West Coast Fueling's lien was improperly recorded

3  and carries no legal effect on plaintiff's title.  In addition, insofar as West Coast Fueling contests

4  the validity of the tax sale, it was required by statute to commence a challenge within one year of

5  that sale – that is, on or before March 3, 2010.  <u>See</u> Cal. Rev. & Tax Code 3726 ("A defense

6  based on the alleged invalidity or irregularity of any proceeding instituted under this chapter can

7  be maintained only in a proceeding commenced within one year after the date of execution of the

8  tax collector's deed.").  West Coast Fueling, however, did not challenge the tax sale either

9  during that requisite time period or at any time thereafter.  For these reasons, the court finds that

10  West Coast Fueling has no right, title or interest in the Subject Property.

11  C.      Factor Four: The Sum of Money at Stake in the Action

12          Under the fourth factor cited in <u>Eitel</u>, "the court must consider the amount of

13  money at stake in relation to the seriousness of Defendant's conduct."  <u>PepsiCo, Inc.</u>, 238 F.

14  Supp. 2d at 1177; <u>see also</u> <u>Philip Morris USA, Inc. v. Castworld Prods., Inc.</u>, 219 F.R.D. 494,

15  500 (C.D. Cal. 2003).  Here, plaintiff does not seek any damages; he seeks only quiet title.

16  Accordingly, the undersigned concludes that this factor favors the entry of default judgment.

17  D.      Factor Five: The Possibility of a Dispute Concerning Material Facts

18          The facts of this case are relatively straightforward, and plaintiff has provided the

19  court with well-pleaded allegations and evidence in support.

20  E.      Factor Six: Whether the Default Was Due to Excusable Neglect

21          Upon review of the record before the court, the undersigned finds that the default

22  was not the result of excusable neglect.  <u>See</u> <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1177.  Plaintiff

23  served the Unknown Defendants with the summons and complaint by publication.  Moreover,

24  plaintiff posted a copy of the summons and complaint in a conspicuous place on the Subject

25  Property, and he recorded a Notice of Pendency of Action on July 10, 2010 with the Colusa

26  County Recorder's Office.  Despite ample notice of this lawsuit and plaintiff's intention to seek a

13

default judgment, no Unknown Defendant has appeared in this action to date.  Thus, the record

suggests that the Unknown Defendant have chosen not to defend this action, and not that the

default resulted from any excusable neglect.  Accordingly, this <u>Eitel</u> factor favors the entry of a

default judgment.

F.      <u>Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure</u>
        <u>Favoring Decisions on the Merits</u>

        "Cases should be decided upon their merits whenever reasonably possible."  <u>Eitel</u>,

782 F.2d at 1472.  However, district courts have concluded with regularity that this policy,

standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in

an action.  <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1177; <u>see also</u> <u>Craigslist, Inc. v. Naturemarket, Inc.</u>,

__ F. Supp. 2d __, No. C 08-5065 PJH, 2010 WL 807446, at *16 (N.D. Cal. Mar. 5, 2010); <u>ACS</u>

<u>Recovery Servs., Inc. v. Kaplan</u>, No. C 09-01304, 2010 WL 144816, at *7 (N.D. Cal. Jan. 11,

2010) (unpublished); <u>Hartung v. J.D. Byrider, Inc.</u>, No. 1:08-cv-00960 AWI GSA, 2009 WL

1876690, at *5 (E.D. Cal. June 26, 2009) (unpublished).  Accordingly, although the undersigned

is cognizant of the policy in favor of decisions on the merits—and consistent with existing policy

would prefer that this case be resolved on the merits—that policy does not, by itself, preclude the

entry of default judgment.

        Upon consideration of the <u>Eitel</u> factors, the undersigned concludes that plaintiff is

entitled to the entry of default judgment against the Unknown Defendants and will make a

recommendation to that effect.

        Accordingly, IT IS HEREBY RECOMMENDED that:

        1.  Plaintiff's November 14, 2012 motion for default judgment be granted;

        2.  The court enter the following default judgment against the Unknown

Defendants:

                a.  Plaintiff was, on June 28, 2010, the date of the commencement of the

above-entitled action, and now is the owner in fee simple absolute, and in actual and peaceable

14

possession, of the real property commonly described as 1143 Fremont Street, Colusa, California, Assessor's Parcel Number 001-351-028 and more particularly described as follows: Lot No. 3 in Block No. 126 of the City of Colusa, as said lot and block are shown on the official map or plat thereof, filed on March 5, 1855 in the office of the County Clerk of said County of Colusa, State of California.

    b.  No person other than plaintiff, including defendants, now has any estate, right, title, interest, or claim in or to the Subject Property, or any part of the Subject Property, either legal or equitable, present or future, vested or contingent.

    c.  Plaintiff's title to the Subject Property is established and quieted against all the world.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: April 1, 2013.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;phel1651.mdj

15